# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HSBC BANK USA, NATIONAL ASSOCIATION,

    Plaintiff,

vs.

THUNDER PROPERTIES, INC. et al.,

    Defendants.

3:16-cv-00467-RCJ-WGC

**ORDER**

This case arises from a residential foreclosure by Defendant Eagle Canyon Association ("HOA") due to the homeowner's failure to pay HOA assessments. Pending before the Court is the HOA's Motion to Dismiss. (ECF No. 16.) For the reasons given herein, the Court denies the motion.

## I.    FACTS AND PROCEDURAL BACKGROUND

In December 2002, non-party homeowners obtained title to property located at 840 Alena Way, Sparks, Nevada 89436 (the "Property"), by way of a grant deed. (Compl. ¶ 14, ECF No. 1.) In December 2004, the homeowners executed a promissory note ("Note") and deed of trust ("DOT") in the amount of $232,000 in favor of First Source Financial USA. (*Id.* at ¶ 15.) The Note and DOT were subsequently assigned to Plaintiff HSBC Bank USA ("HSBC"). (*Id.* at ¶ 16.) Then, in May 2012, Defendant Red Rock Financial Services, LLC ("Red Rock"), on behalf of the HOA, recorded a Lien for Delinquent Assessments in the amount of $947.15, based on the

homeowners' failure to pay their HOA assessments. The HOA eventually foreclosed, selling the Property to Defendant Thunder Properties ("Thunder") on August 7, 2013, for the price of $3,515. (*Id.* at ¶¶ 17–21.)

On August 5, 2016, HSBC brought this action against Thunder, the HOA, and Red Rock, asserting six causes of action arising from the HOA foreclosure sale: (1) violation of the Takings Clause of the Fifth Amendment; (2) violation of the Due Process Clauses of the Fifth and Fourteenth Amendments; (3) wrongful foreclosure; (4) violation of NRS 116.1113 *et seq.*; (5) unjust enrichment;[1] and (6) quiet title. HSBC primarily seeks an order declaring that the foreclosure sale did not extinguish its first deed of trust, or that the sale was unlawful and invalid and should be set aside entirely. The HOA now moves to dismiss the claims of wrongful foreclosure, violation of NRS 116.1113, and quiet title based on (1) HSBC's failure to mediate its claims under NRS 38.310, and (2) the fact that the HOA does not claim a current interest in the Property. (Mot. Dismiss, ECF No. 16.) Red Rock joins the HOA's motion, and argues for dismissal of the same claims on the same grounds. (Joinder Mot. Dismiss, ECF No. 18.)

**II.   LEGAL STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it

---

[1] HSBC's fifth cause of action for unjust enrichment is asserted only against Thunder. (Compl. 9, ECF No. 1.)

rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, a plaintiff must not only specify or imply a cognizable legal theory, but also must allege the facts of the plaintiff's case so that the court can determine whether the plaintiff has any basis for relief under the legal theory the plaintiff has specified or implied, assuming the facts are as the plaintiff alleges (*Twombly–Iqbal* review).

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standards governing a Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference ... is the time of filing. ... [T]he motions are functionally identical ....").

A defendant may challenge the court's subject-matter jurisdiction over a case or certain claims pursuant to Federal Rule of Civil Procedure 12(b)(1). The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of proving that the case is properly in federal court. *Wright v. Incline Vill. Gen. Imp. Dist.*, 597 F. Supp. 2d 1191, 1198 (D. Nev. 2009) (citing

*McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)). A challenge to subject-matter jurisdiction may be either facial or factual. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

A facial challenge asserts that the allegations contained in the complaint "are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). To determine whether the facts are sufficient to establish subject-matter jurisdiction, the court must "consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff." *Nevada ex rel. Colo. River Comm'n of Nev. v. Pioneer Cos.*, 245 F. Supp. 2d 1120, 1124 (D. Nev. 2003) (citing *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989)).

**III.   ANALYSIS**

   **a.   Failure to Mediate**

The HOA argues that the claims of wrongful foreclosure and violation of NRS 116.1113 must be dismissed because HSBC failed to mediate its claims under NRS 38.310. The statute states the following:

> No civil action based upon a claim relating to . . . [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . may be commenced in any court in [Nevada] unless the action has been submitted to mediation . . . . A court shall dismiss any civil action which is commenced in violation of [this provision].

Nev. Rev. Stat. § 38.310.

The HOA argues that the Nevada Supreme Court, in *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (2013), broadly declared that all claims for wrongful foreclosure and violation of NRS 116.1113 are subject to mandatory mediation under NRS 38.310. However, this Court does not read *McKnight* so broadly. Under the statute, the key inquiry is whether a

claim requires "the interpretation, application, or enforcement" of CC&Rs. HSBC argues that its claims do not require the interpretation, application, or enforcement of the CC&Rs. Instead, HSBC argues, its claims require the Court to determine whether the HOA complied with Nevada law when it conducted the HOA sale.

In general, the statutory scheme embodied in NRS 38.310 will not require beneficiaries of deeds of trust to mediate claims, such as the ones presently before the Court, prior to filing a lawsuit. Of course, the statute clearly applies to homeowners who are in disagreement with their HOAs regarding the interpretation and effect of applicable CC&Rs. *See Hamm v. Arrowcreek Homeowners' Ass'n*, 183 P.3d 895, 900 (Nev. 2008). But with respect to beneficiaries, NRS 38.310 will likely not be applicable unless the beneficiary is standing in the shoes of the homeowner after foreclosure (and that is not the posture of this case).

A plaintiff must submit its claims to mediation or some other approved program pursuant to NRS 38.310 only if the cause of action actually falls within the statute's coverage. The term "civil action" as used in the statute explicitly excludes "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." Nev. Rev. Stat. § 38.300(3). And the Nevada Supreme Court has also held that causes of action to quiet title are exempt from NRS 38.310 because such a claim requires the court to determine who holds superior title to a particular parcel of land. *McKnight*, 310 P.3d at 559.

This case ultimately seeks to quiet title to the Property. HSBC is pursuing the various claims contained in the Complaint for the purpose of determining the lawful owner of the home at issue. Accordingly, the statute does not require that HSBC pursue mediation or its equivalent before the instant case may go forward. *See id.* at 558 ("An action is exempt from the NRS 38.310 requirements if the action relates to an individual's right to possess and use his or her

property."). This case is not based upon an interpretation of the HOA's CC&Rs, and any interpretation thereof required to resolve the dispute between HSBC and the Defendants is ancillary to the issue of paramount concern: Was Plaintiff's deed of trust extinguished by the HOA's foreclosure sale? For this reason, the Court finds that NRS 38.310 does not apply.[2]

### b. Plaintiff's Quiet Title Claim Against the HOA

Lastly, Red Rock and the HOA contend that Plaintiff's cause of action against them for quiet title should be dismissed because they do not claim a current interest in the Property. Although Red Rock and the HOA argue that they do not have a present interest in the Property, Plaintiff's quiet title claim seeks not only an order declaring who holds superior title, but also, in the alternative, declaratory relief (i.e., Plaintiff requests either an order declaring that the HOA sale did not extinguish its deed of trust, or an order declaring that the HOA sale be voided and set aside for reasons including that the sale was unlawful and invalid). (*See* Compl. ¶ 80–88, ECF No. 1.) As such, the Court finds that the validity of the sale effectuated by Red Rock at the direction of the HOA remains at issue here. The Court therefore declines to dismiss Plaintiff's quiet title claim as alleged against Red Rock and the HOA.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 16) is DENIED.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
DATED: This 17th day of February, 2017.

---

[2] Moreover, NRS 38.310 is silent on pleading requirements. Therefore, failure to mediate is an affirmative defense which must appear on the face of the complaint in order to warrant dismissal. *See U.S. Bank, Nat'l Ass'n v. Countryside Homeowners Ass'n*, No. 2:15-cv-01463-RCJ, 2015 WL 6962859, at *3 (D. Nev. Nov. 9, 2015). That the defense of exhaustion does not appear on the face of HSBC's Complaint is further grounds to deny the motion to dismiss.