John S. Delikanakis, Esq.
Nevada Bar No. 5928
Nathan G. Kanute, Esq.
Nevada Bar No. 12413
SNELL & WILMER L.L.P.
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
Telephone: 775-785-5440
Facsimile: 775-785-5441
Email: jwillis@swlaw.com
nkanute@swlaw.com

*Attorneys for Plaintiff, HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP2*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| HSBC BANK USA, NATIONAL ASSOCIATION as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP2,<br><br>Plaintiff,<br><br>vs.<br><br>THUNDER PROPERTIES INC., a Nevada corporation; EAGLE CANYON ASSOCIATION, a Nevada non-profit corporation; RED ROCK FINANCIAL SERVICES, LLC, a Delaware limited-liability company,<br><br>Defendants. | Case No. 3:16-cv-00467-RCJ-WGC<br><br>**STIPULATION AND ORDER STAYING DISCOVERY PENDING RESOLUTION OF DISPOSITIVE MOTION** |

HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP2 ("HSBC"), Thunder Properties Inc. ("Thunder Properties"), Eagle Canyon Association (the "HOA"), and Red Rock Financial Services, LLC ("Red Rock", collectively with HSBC, Thunder Properties, and the HOA, the "Parties") hereby stipulate and agree and jointly move this Court to stay discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure. In support of their request for a stay of discovery, the Parties show as follows:

4842-3124-6936

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

This Court should stay discovery in this matter pending resolution of HSBC's Motion for Summary Judgment (the "MSJ") [ECF No. 31] because it raises potentially dispositive legal questions regarding the constitutionality of NRS § 116.3116 *et seq.* (the "Statute"), which the Ninth Circuit has previously determined is facially unconstitutional. *See Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016). Because this case might be disposed of pursuant to the pending motion, discovery is not required at this point in time—instead, any discovery would be burdensome, inefficient, and inequitable at this stage. Therefore, this Court should stay discovery until after a ruling on the MSJ.

## BACKGROUND

On August 5, 2016, HSBC filed its complaint in this Court against Thunder Properties, the HOA, and Red Rock seeking, among other things, declaratory relief under the Takings and Due Process Clauses of the U.S. Constitution and a determination that HSBC's security interest remained on the real property commonly known as 840 Alena Way, Sparks, Nevada (the "Property") despite the foreclosure sale conducted by the HOA. Thunder Properties is the record purchaser of the Property at the HOA foreclosure sale.

Red Rock filed its Answer on November 14, 2016 [ECF No. 12]. Thunder Properties filed its Answer on November 15, 2016 [ECF No. 14]. The HOA filed its Answer on February 22, 2017 [ECF No. 27]. HSBC filed its MSJ on December 15, 2017 [ECF No. 31].

## LEGAL ARGUMENT

I.  **Standard of Review Governing Motions to Stay Discovery**

District courts have "wide discretion in controlling discovery." *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988); *see also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011) ("The district court has wide discretion in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."). "In evaluating the propriety of an order staying or limiting discovery while a dispositive motion is pending," courts "consider[]

4842-3124-6936

the goal of Rule 1 of the Federal Rules of Civil Procedure [which] directs that the Rules shall 'be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" *Tradebay*, 278 F.R.D. at 602.

Indeed, courts may limit discovery "upon a showing of good cause or where 'justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Id.* at 601 (quoting *Wagh v. Metris Direct, Inc.*, 363 F.3d 821,829 (9th Cir. 2003)). Further, a stay of discovery may be appropriate to "further[] the goal of efficiency for the court and the litigants." *Id.* "[W]hen there are no factual issues . . . and the issue[s] before the Court are purely questions of law that are potentially dispositive," this Court has approved stays of discovery. *See id.* at 602. In deciding whether to stay discovery, this Court considers (1) whether the pending motion is "potentially dispositive of the entire case or at least dispositive of the issue on which discovery is sought" and (2) whether the "pending potentially dispositive motion can be decided without additional discovery." *Id.*

This two part test requires the Court to take a "'preliminary peek' at the merits of the potentially dispositive motion to assess whether a stay is warranted." *Id.* The "preliminary peek . . . is not intended to prejudge [the potentially dispositive motion's] outcome"; rather, the "[C]ourt's role is to evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of Rule 1." *Id.* at 603. Thus, for example, this Court has stayed discovery where it was convinced that no claim for relief could be stated. *See U.S. ex rel. Howard v. Shoshone Paiute Tribes*, Case No. 2:10-cv-01890, 2012 WL 2327676, at *4 (D. Nev. June 19, 2012) (staying discovery pending resolution of a motion to dismiss on sovereign immunity grounds); *Pettit v. Pulte Mortg., LLC*, Case No. 2:11-cv-00149, 2011 WL 5546422, at *5 (D. Nev. Nov. 14, 2011).

II. **A Stay Is Appropriate Because the MSJ Could Resolve the Litigation Entirely.[1]**

Under the above standard, a stay of discovery is appropriate here because, if granted, HSBC's MSJ will dispose of all claims related to HSBC's challenge of the HOA's foreclosure

---

[1] Thunder Properties, Red Rock, and the HOA intend to oppose the MSJ. All parties reserve their arguments against the pending motions.

- 3 -

4842-3124-6936

sale. Thunder Properties contends that HSBC's interest in the Property was extinguished by the foreclosure of the HOA lien and HSBC's deed of trust was rendered null, void and unenforceable. Thunder Properties also contends that, by virtue of its purchase of the Property at the HOA's foreclosure sale, it became the sole owner of all right, title and interest in the Property free and clear of any encumbrances of HSBC. In contrast, HSBC argues, among other things, that the Statute violates the Due Process Clause and Takings Clauses of the U. S. Constitution. If HSBC prevails on either issue, then the Court may find that the HOA foreclosure sale did not extinguish the deed of trust, and HSBC will prevail on its claim for declaratory relief. Since the issues surrounding the HOA foreclosure sale would be nearly the only issues on which discovery would be necessary, such a ruling would obviate the need for any discovery.

As set out in the MSJ, HSBC alleges that the Ninth Circuit has already determined that the Statute is unconstitutional. *See Bourne Valley*, 832 F.3d 1154. Therefore, under the first prong of the stay test, HSBC asserts that the fact that the Ninth Circuit has already ruled on this issue in favor of HSBC's position weighs in favor of granting a stay of discovery to ensure the just, speedy, and inexpensive determination of this matter. *See U.S. ex rel. Howard*, 2012 WL 2327676, at *4; *Pettit*, 2011 WL 5546422, at *5. With respect to this issue, Thunder Properties does not necessarily agree that discovery will not ultimately be necessary. Specifically, Thunder Properties asserts that if HSBC received actual notice of the foreclosure proceedings, its right to due process could not have been violated even if *Bourne Valley* is applied. While prima facie evidence may exist regarding the notice had by HSBC by virtue of the recitals of the HOA Foreclosure Deed, discovery may be necessary regarding this issue. With that said, Thunder Properties recognizes, and HSBC believes, that the Court may hold that actual notice is not relevant. While Thunder Properties believes that such a holding would be in error, the Parties do agree, though, that the Court's decision on the MSJ will almost certainly provide guidance regarding the scope of discovery required. Thus, without waiving any arguments that will be made in response to HSBC's MSJ, Thunder Properties is agreeable to a stay of discovery pending a decision on the MSJ.

Moreover, the MSJ will satisfy the second prong if the Court determines that actual notice

- 4 -

4842-3124-6936

is not relevant to the *Bourne Valley* analysis. As discussed above, Thunder Properties believes that the evidence disclosed to date indicates that HSBC received actual notice of the foreclosure proceedings and that its due process rights were thus not violated. HSBC believes that actual notice is irrelevant to the due process question under *Bourne Valley* since the Statute is facially unconstitutional. To the extent that the Court agrees with HSBC's position, discovery on this issue will not be required. The Court's decision on the MSJ will likely provide at the very least guidance regarding the scope of discovery required.

As in *Tradebay*, *U.S. ex rel Howard*, and *Pettit*, where the Court granted stays of discovery, the MSJ presents potentially dispositive legal questions that could resolve the dispute between HSBC, Thunder Properties, Red Rock, and the HOA without discovery. Therefore, it is "more just to delay or limit discovery and other proceedings to accomplish the inexpensive determination of th[is] case." *See U.S. ex rel Howard*, 2012 WL 2327676, at *4.

## CONCLUSION

Based on the foregoing, the Parties respectfully request that the Court stay discovery pending resolution of the MSJ.

Dated: January 9, 2018

SNELL & WILMER L.L.P.

By: /s/ Nathan G. Kanute
John S. Delikanakis (NV Bar No. 5928)
Nathan G. Kanute (NV Bar No. 12413)
50 West Liberty Street, Suite 510
Reno, Nevada 89501-1961
*Attorneys for Plaintiff, HSBC Bank USA, National Association as Trustee for Nomura Asset Acceptance Corporation, Mortgage Pass-Through Certificates, Series 2005-AP2*

Dated: January 8, 2018

LIPSON, NEILSON, COLE, SELTZER & GARIN, P.C.

By: /s/ Megan H. Hummel (with permission)
Kaleb D. Anderson (NV Bar No. 7582)
Megan H. Hummel (NV Bar No. 12404)
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
*Attorneys for Eagle Canyon Association*

4842-3124-6936

| Dated: January 8, 2018 | Dated: January 8, 2018 |
|---|---|
| KOCH & SCOW, LLC | ROGER P. CROTEAU & ASSOCIATES, LTD. |
| By: /s/ Steven B. Scow (with permission)<br>David R. Koch (NV Bar No. 8830)<br>Steven B. Scow (NV Bar No. 9906)<br>Brody B. Wight (NV Bar No. 13615)<br>11500 South Eastern Avenue, Suite 210<br>Henderson, Nevada 89052<br>*Attorney for Red Rock Financial Services, LLC* | By: /s/ Timothy E. Rhoda (with permission)<br>Roger P. Croteau (NV Bar No. 4958)<br>Timothy E. Rhoda (NV Bar No. 7878)<br>9120 West Post Road, Suite 100<br>Las Vegas, Nevada 89148<br>*Attorney for Thunder Properties Inc.* |

## ORDER

**IT IS ORDERED** that discovery in this matter is stayed until the resolution of HSBC's Motion for Summary Judgment. If the Motion for Summary Judgment is denied, the Parties shall submit a revised scheduling order within 30 days after the Court enters an order denying the Motion for Summary Judgment.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

DATED: January 10, 2018

- 6 -

4842-3124-6936